UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| **RONALD BASHAM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CAUSE NO.  3:18-cv-808-RGJ |
| | ) | |
| **BAE SYSTEMS LAND** | ) | |
| **AND ARMAMENTS L.P.,** | ) | |
| **Defendant.** | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. Plaintiff, Ronald Basham ("Basham"), by counsel, brings this action against Defendant, BAE Systems Land and Armaments L.P. ("Defendant"), alleging violations of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §12101 *et. seq.* and the Kentucky Civil Rights Act ("KCRA"), KRS 344.010 *et seq.*, for discriminating and retaliating against Basham in violation of the ADA and the KCRA.

**II. PARTIES**

2. Basham is a resident of Hardin County in the Commonwealth of Kentucky, who at all times relevant to this action resided within the geographical boundaries of the Western District of Kentucky.

3. Defendant is a foreign corporation that systematically conducts business within the geographical boundaries of the Western District of Kentucky.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 28 U.S.C. §1367; and 42 U.S.C. §12117.

5. Jurisdiction is conferred on Basham's state law claims pursuant to 28 U.S.C. §1367 because his state law claims arise from the same common nucleus of operative facts as his federal law claims and all of his claims form a single case and controversy under Article III of the United States Constitution.

6. Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5)(A) and KRS 344.030(2).

7. At all relevant times, Basham has been an "employee" as that term is defined by 42 U.S.C. §12111(4) and KRS 344.030(5).

8. Basham is a "qualified individual with a disability" as defined by the ADA, 42 U.S.C. §§12102(2) and 12111(8), and KRS 344.030(1) and/or Defendant knew of Basham's disability and/or regarded Basham as being disabled and/or Basham had a record of being disabled.

9. Basham satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging disability discrimination. Basham received the required Notice of Suit Rights and timely files this action.

10. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Western District of Kentucky; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

11. Basham was hired by Defendant for an Electrical Mechanical Assembly position in or about August 1996. He presently serves as a Systems Mechanic.

12. During all relevant times, Basham has met or exceeded Defendant's legitimate performance expectations.

13. Basham is a qualified individual with a disability and/or has a record of disability and/or is regarded as disabled within the meaning of the ADA. Basham gets migraines and has peripheral neuropathy, which causes intense, stabbing-like pain in his fingers and feet (also known as "lightning strikes"). Defendant was fully aware of Basham's disabilities.

14. On or around May 19, 2017, Basham formally requested an accommodation for his disabilities and provided Defendant with medical documentation. Basham's accommodation request limited his ability to work overtime to Monday through Thursday, preserving Basham's ability to rest and address and appropriately treat or address the pain. In response to the accommodation request, Basham's supervisors, Jake Rice ("Rice") and Glen Taylor ("Taylor"), denied Basham the ability to work any overtime whatsoever. However, Defendant continued offering overtime hours to non-disabled employees.

15. Subsequently, Defendant inappropriately shared Basham's medical information and details of his accommodation request with employees. Immediately after meeting with Rice and Taylor to submit his accommodation request, Basham was approached by a coworker and asked, "Is it true you don't have to work overtime during the week?" When Basham asked who he received that information from, the coworker replied, "I would rather not say."

16. Taylor also started harassing Basham by consistently monitoring and threatening Basham. Taylor became highly critical of Basham's performance and intimidated Basham by consistently threatening to document discrepancies in his work product. However, none of Defendant's non-disabled employees were consistently monitored or threatened.

17. Basham also had several issues with Sharon Vetter ("Vetter"), a government inspector with Defense Contractor Management Agency ("DCMA") that was assigned to inspect Defendant's product and process. Vetter was always unprofessional and disrespectful towards Basham while courteous and respectful to other employees. In the presence of his coworkers, Vetter consistently targeted Basham for inappropriate comments. One specific day approximately two years ago, Vetter became extremely irate with Basham. In the presence of his coworkers and without merit, she loudly yelled at him, aggressively smacked his hand twice, and demanded he follow her to the office. and was at Basham without cause. Basham formally reported Vetter's conduct to Defendant's Ethics Board. As a result of the Board's investigation,

Vetter has not been assigned to work at the Defendant's location that Basham works since the incident.

18. In or around November 2018, Vetter began working at Basham's location after almost two years. Defendant's concern for Basham was a priority prior to requesting his accommodation. After May 19, 2018, this is just another example of the discrimination Basham receives from Defendant.

19. Defendant does not condone yelling at or aggressively taking things from non-disabled employees.

20. As a result of the foregoing, Basham filed Charge of Discrimination (Charge No.: 474-2018-01134) with the U.S. Equal Employment Opportunity Commission, alleging that he was discriminated and retaliated against based on his disability in violation of the ADA and KCRA.

21. Since filing his EEOC Charge on August10, 2018, Basham has applied for at least six promotions. Despite being highly qualified for each of the positions for which he applied, he was neither interviewed nor selected for promotion. Defendant hired or promoted non-disabled employees and/or non-FMLA takers for the positions.

## V. CAUSES OF ACTION

### COUNT I: VIOLATION OF ADA – DISABILITY DISCRIMINATION

22. Basham hereby incorporates by reference paragraphs one (1) through twenty-one (21) as if the same were set forth at length herein.

23. Defendant violated Basham's rights as protected by the Americans with Disabilities Act, 42 U.S.C. 12101, *et. seq.* by failing to engage in the interactive process as

5

required by the ADA, failing to provide reasonable accommodations for his disability, and denying him promotions due to his disability.

24. Defendant's actions were intentional, willful and in reckless disregard of Basham's rights as protected by the ADA.

25. Basham has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

### COUNT II: VIOLATION OF ADA – RETALIATION

26. Basham hereby incorporates by reference paragraphs one (1) through twenty-five (25) of his Complaint as if the same were set forth at length herein.

27. Defendant violated Basham's rights as protected by the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.* by retaliating against him for engaging in an activity protected by the ADA.

28. Defendant's actions were intentional, willful and in reckless disregard of Basham's rights as protected by the ADA.

29. Basham has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

30. Defendant willfully and intentionally retaliated against Basham in violation of the ADA.

### COUNT III: VIOLATION OF KCRA – RETALIATION

31. Basham hereby incorporates paragraphs one (1) through thirty (30) of his Complaint as if the same were set forth at length herein.

32. Defendants unlawfully retaliated against Basham for engaging in activities protected by Title VII, Section 1981, Section 1983 and the KCRA.

33. The Defendants' actions were intentional, willful and in reckless disregard of Basham's rights as the KCRA.

34. Basham has suffered damages as a result of the Defendants' unlawful actions.

## COUNT IV: VIOLATION OF KCRA – DISABILITY DISCRIMINATION

35. Basham hereby incorporates by reference paragraphs one (1) through thirty-four (34) of his Complaint as if the same were set forth at length herein.

36. Basham was discriminated against based on his disability. Defendant's actions are in violation of KCRA, KRS 344.010, *et. seq.*

37. Defendant's actions were willful, intentional, and done with reckless disregard for Basham's rights.

38. Basham has suffered injury as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Ronald Basham, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1. All wages, benefits, compensation and other monetary loss suffered as a result of Defendant's unlawful actions;

2. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions, including damages for emotional, physical, and mental distress;

3. Enjoin Defendant from discriminating against an employee based on their disability;

4. Compensatory damages for Defendant's violations of the ADA and KCRA;

5. Punitive damages for Defendant's violation of the ADA;

6. All costs and attorney's fees incurred as a result of bringing this action;

7. Pre- and post-judgement interest on all sums recoverable; and

8. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully Submitted,

/s/ Charles D. Matlock
Charles D. Matlock, Atty. No. 97515
101 N. Seventh St.
Louisville, Kentucky 40202
Telephone: (502) 561-3443
Facsimile: (812) 424-1005
Email: dmatlock@bdlegal.com

*Counsel for Plaintiff, Ronald Basham*

## DEMAND FOR JURY TRIAL

Plaintiff, Ron Basham, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully Submitted,

/s/ Charles D. Matlock
Charles D. Matlock, Atty. No. 97515
101 N. Seventh St.
Louisville, Kentucky 40202
Telephone: (502) 561-3443
Facsimile: (812) 424-1005
Email: dmatlock@bdlegal.com

*Counsel for Plaintiff, Ronald Basham*