UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
Civil Action No. 3:18-cv-808-RGJ

RONALD BASHAM                                                                                    Plaintiff

v.

BAE SYSTEMS LAND AND                                                                    Defendant
ARMAMENTS L.P.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Ronald Basham's ("Plaintiff") Motion for Leave to File Amended Complaint and Demand for Jury Trial (the "Motion") [DE 16] and BAE's Motion for Leave to File a Sur-Reply on Plaintiff's Motion for Leave to File Amended Complaint [DE 19]. Briefing is complete, and the motions are ripe. [DE 17; DE 18; DE 19; DE 20; DE 22]. For the reasons below, the Court **GRANTS** Basham's Motion [DE 16] and **GRANTS** BAE's Motion for Leave to File a Sur-Reply [DE 19].

### I.     BACKGROUND

On December 7, 2018, Plaintiff sued in this Court against BAE Systems Land and Armaments L.P. ("Defendant"), alleging violations of the Americans with Disabilities Act and the Kentucky Civil Rights Act. [DE 1]. Defendant answered, denying the allegations. [DE 8].

On March 25, 2019, the parties entered a Joint Status Report. [DE 12]. On May 2, 2019, Magistrate Judge Lindsay entered a Scheduling Order, which set deadlines for amended pleadings (May 16, 2019), fact discovery (September 27, 2019), and dispositive motions (October 22, 2019). [DE 13]. On May 20, 2019, Plaintiff served written discovery, and Defendant responded on July 1, 2019. [DE 18 at 100].

1

On July 18, 2019, Plaintiff filed his Motion [DE 16]. Defendant responded [DE 17], Plaintiff replied [DE 18], and Defendant moved for leave to file a sur-reply[1] [DE 19].

## II. STANDARD

"Seeking leave to amend a complaint after the scheduling order's deadline implicates two Federal Rules of Civil Procedure, Rule 15 and Rule 16." *Carrizo (Utica) LLC v. City of Girard, Ohio*, 661 F. App'x 364, 367 (6th Cir. 2016). Rule 15 provides that a plaintiff may amend his pleading with the court's leave, which should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.'"). But when the deadline established by the court's scheduling order has passed, "a plaintiff must first show good cause under Rule 16(b) for failure earlier to seek leave to amend" and the court "must evaluate prejudice to the nonmoving party 'before a court will [even] consider whether amendment is proper under Rule 15(a).'" *Commerce Benefits Grp., Inc. v. McKesson Corp.*, 326 Fed. Appx. 369, 376 (6th Cir.2009) (quoting *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir.2003) (finding that the district court did not abuse its discretion by denying motion to amend filed after discovery and dispositive motion deadlines). As a result, the court may examine the standard factors governing amendment of complaints under Rule 15(a) only if it is satisfied that the date for the

---

[1] Whether to permit a party to file a sur-reply is a matter left to the trial court's discretion. *See Key v. Shelby County*, 551 Fed. Appx. 262, 264 (6th Cir. 2014) (finding that district court did not abuse discretion by denying plaintiff's motion to file a sur-reply). "Although the Federal Rules of Civil Procedure do not expressly permit the filing of surreplies, such filings may be allowed in the appropriate circumstances, especially '[w]hen new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated.'" *Id.* at 265 (quoting *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003)). "The Sixth Circuit has held that a district court does not abuse its discretion in denying leave to file a sur-reply where the opposing party's reply did not raise any new legal arguments or introduce new evidence." *Liberty Legal Found. V. Nat'l Democratic Party of the USA*, 875 F.Supp.2d 791, 797 (W.D.Tenn. 2012). Here, Plaintiff did not argue the Rule 15 (a)(2) factors in his Motion, but did so in his Reply, even though Defendant did not argue them in its Response. Because Plaintiff raised new arguments in his Reply, the Court grants Defendant's motion for leave to file a sur-reply.

filing of a motion for leave to amend is properly extended under the good cause provisions of Rule 16 (b).

## III. <u>DISCUSSION</u>

### A. Rule 16's Good Cause Requirement

In determining whether Plaintiff has shown good cause for failure to seek leave to amend before the deadline had passed, the Court considers whether: 1) Plaintiff has exhibited diligence in trying to meet the scheduling order's requirements; and 2) Defendant is prejudiced by amendment. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002).

*1. Diligence*

Plaintiff contends that he showed good cause and diligence in his attempt to meet the scheduling deadline because he moved to "correct and clarify as soon as he confirmed there was an issue with the dates he set forth in his Complaint." [DE 18 at 100]. In the Complaint, Plaintiff alleged:

> *Since filing his EEOC Charge on August 10, 2018*, Basham has applied for at least six promotions. Despite being highly qualified for each of the positions for which he applied, he was neither interviewed nor selected for promotion. Defendant hired or promoted non-disabled employees and/or non-FMLA takers for the positions.

[DE 1 at 5] (emphasis added).

Plaintiff asserts that he did not realize this portion of his Complaint was deficient until July 1, 2019 when he received Defendant's Answers and Objections to Plaintiff's First Set of Interrogatories ("Defendant's Answers"). [DE 18 at 100]. In Defendant's Answers, Defendant stated: "To be sure, Plaintiff's Complaint alleges the alleged promotions at issue for which he *allegedly applied were after the filing of Plaintiff's EEOC Charge on August 10, 2018; but no such applications were made by Plaintiff*." [DE 17-6 at 94] (emphasis added). After receiving

3

Defendant's Answers and noticing his "pleading deficiency," Plaintiff moved on July 18, 2019 to amend that portion of the Complaint as follows:

> *Since notifying Defendant of his disability and requesting accommodations, Basham has applied for promotions.* Despite being highly qualified for each of the positions for which he applied, he was neither interviewed nor selected for promotion. Defendant hired or promoted non-disabled employees and/or non-FMLA takers for the positions.

[DE 16 at 62] (emphasis added).

Defendant argues that Plaintiff has not established good cause. [DE 17 at 73]. The Joint Report was filed in March, 2019. In Defendant's section of the Joint Report, Defendant stated that "Basham's internal job applications, if any . . . predated any Charge." [DE 12 at 40]. Defendant thus argues that Plaintiff has been on notice of the deficiency since March, two months before the deadline for amending pleadings and four months before Plaintiff's Motion. [DE 20 at 141]. Defendant further argues that "[e]ven more telling, Plaintiff himself, through counsel affirmed and represented on April 16, 2019 in his Initial Disclosure served upon BAE that: 'The first time Defendant failed to promote Plaintiff was in or about August 2018.'" *Id.* at 142. Accordingly, Defendant argues that Plaintiff knew of the deficiency for months and was thus not diligent in moving to amend his Complaint until after the deadline had elapsed. [DE 17 at 74].

The Court finds that Plaintiff has shown good cause under Rule 16 (b) for his failure to seek leave earlier to amend. First, the Court is satisfied with Plaintiff's explanation that he was not on notice of the deficiency until he received Defendant's Answers and therefore finds that he was diligent in filing his Motion two weeks later. In the initial December 2018 Complaint, Plaintiff asserted that he asked for six promotions after filing the EEOC Charge in August 2018. Plaintiff thus asked to be promoted six times in the five months between August, 2018 and December, 2018. This seems highly improbable and, based on Defendant's Answers, Plaintiff now knows that is

factually untrue. It is most likely that, when Plaintiff filed the Complaint, he was mistaken about when he asked for promotions and did not learn of that mistake until he received Defendant's Answers.

Second, Plaintiff's Initial Disclosure, supports Plaintiff's argument that the Joint Report did not put him on notice because, a month after the Joint Report was filed, he believed "[t]he first time Defendant failed to promote Plaintiff was in or about August 2018," which is not inconsistent with his claim that "[s]ince filing his EEOC Charge on August 10, 2018, Basham has applied for at least six promotions." [DE 19-1 at 125; DE 1 at 5].

Third and finally, it would be unjust, especially where Defendant will suffer no prejudice, to deny Plaintiff's Motion because he failed to realize the deficiency in his Complaint based on one sentence in Defendant's inadmissible statement in the Joint Report. *Amalu v. Stevens Transp., Inc.*, No. 115CV01116STAEGB, 2018 WL 6839036, at *3 (W.D. Tenn. Mar. 27, 2018) ("Delay alone is insufficient to deny a proposed modification under Rule 16") (citing *Moore v. City of Paducah*, 790 F.2d 557, 559–62 (6th Cir. 1986).

   *2. Prejudice*

Defendant asserts that it would be prejudiced because "Plaintiff's proposed amendment on the eve of the discovery cutoff based on information known to Plaintiff already throughout the litigation would unfairly create a completely re-designed case and would not permit the parties to litigate each of these additional alleged issues in nearly enough time." [DE 17 at 76]. Defendant also argues that "[t]he parties [will] have to issue new and more extensive discovery requests on numerous new allegations (an unidentified number of unnamed 'other jobs' for which Plaintiff may have applied), along with numerous new possible witnesses, extensive documents and other communications at issue – none of which were contemplated by Plaintiff's Complaint." *Id.*

Plaintiff, on the other hand, contends that there is no prejudice because "Defendant was on notice of Plaintiff's failure to promote claim when it received the original Complaint. Discovery is ongoing and Plaintiff's deposition has not yet been taken. In any event, Plaintiff has offered to extend the discovery deadline to ameliorate any prejudice to the Defendant. Plaintiff will not object and will agree to request from the Court an extension of time for discovery if Defendant desires." [DE 18 at 101-102].

The Court finds that Defendant will not be prejudiced by amendment. First, two months before the discovery deadline is hardly the "eve of the discovery cutoff," and modifying one sentence in a Complaint, where no new claims are being added and all other allegations remain the same, does not "create a completely re-designed case." *See Inge v. Rock Fin. Corp.*, 281 F.3d 613, 626 (6th Cir. 2002) ("[B]ecause Plaintiff's request to amend was a prompt effort to remedy pleading deficiencies . . . as opposed to an effort to add new claims or parties—we envision no prejudice to Defendant from granting leave to amend"). Second, at this point in the case, the discovery deadline has passed. If Defendant needs additional time to conduct discovery and litigate issues, Plaintiff has no objection and the Court understands the need to modify the Scheduling Order if requested. Third and perhaps most significantly, courts in the Sixth Circuit have found prejudice where a motion to amend is filed after a discovery deadline, a dispositive motion deadline, or close in time to trial. That is not the case here, and so Defendant will not be prejudiced by amendment. *See McLean v. Alere Inc.*, No. 3:12-CV-566-DJH, 2015 WL 1638341, at *3 (W.D. Ky. Apr. 13, 2015) (finding no prejudice where plaintiff had yet to be deposed, no dispositive motions had yet been ruled on, and much discovery had already been produced); *Commerce*, 326 Fed.Appx. at 376 (no abuse of discretion when district court denied motion to amend filed after close of discovery and deadline for dispositive motions); *Jimkoski v. State Farm*

*Mut. Auto. Ins. Co.*, 247 Fed.Appx. 654, 660–61 (6th Cir.2007) (no abuse of discretion when district court denied motion to amend filed one year after deadline for filing dispositive motions, after close of discovery, and eight days before start of trial); *Miller v. Admin. Office of Courts*, 448 F.3d 887, 898 (6th Cir.2006) ("Because the discovery deadline had already passed and the deadline for filing dispositive motions . . . was imminent, the defendants would have been prejudiced if a further amendment had been permitted"); *Leary*, 349 F.3d at 909 (no abuse of discretion when district court denied motion to amend after dispositive motion deadline).

**B. Rule 15 Factors**

Because Plaintiff has satisfied Federal Rule 16, the Court may next determine whether to grant leave to amend under Federal Rule 15. *Id.* Federal Rule 15 provides that "a party may amend the party's pleading only by leave of court . . . and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). In determining whether the interests of justice support a grant of leave to amend, courts consider several factors, including "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, or futility of the amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (citing *Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998). "The grant or denial of leave to amend is within the discretion of the trial court, and review is for abuse of discretion." *Sec. Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1008 (6th Cir. 1995) (citing *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983).

Because Rule 15 mandates that leave should be freely given, the Court chooses to exercise its discretion to grant Plaintiff leave to amend. Plaintiff has provided notice to the Defendant. Plaintiff did not unduly delay in filing the motion to amend. *See Mersen USA - Midland-MI Inc.*

7

*v. Graphite Machining Servs. & Innovations*, LLC, No. 12-10961, 2012 WL 3060922, at *2 (E.D. Mich. July 26, 2012) ("Undue delay is typically found where years have passed, discovery has been substantially conducted, and dispositive motion deadlines have passed"). Defendant has not established that Plaintiff acted in bad faith, and there have not been repeated failures to cure deficiencies by previous amendments. The Court has found above that Defendant is not unduly prejudiced.

Finally, the motion to amend is not futile. Leave to amend a complaint need not be given when doing so would be futile. *See SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 355 (6th Cir. 2014) (citation omitted); *see also Flinn v. R.M.D. Corp.*, No. 3:11-CV-00386-H, 2012 WL 694037, at *2 (W.D. Ky. Mar. 1, 2012) ("Before leave may be granted . . . the Court must conduct a cursory review of the newly presented allegations and issues") (citing *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir.1995). A proposed amendment is futile if it would not survive a motion to dismiss. *Id.* (citation omitted). Here, based on a cursory review, Plaintiff's amended complaint alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In Paragraphs 1-21, Plaintiff alleges, among other things, that: 1) he made a formal request for an accommodation based on his disability; 2) Defendant "inappropriately shared" his "medical information and details of his accommodation request with employees"; 3) One of Defendant's employees "started harassing Basham by consistently monitoring and threatening" him; 4) "Since notifying Defendant of his disability and requesting accommodations, Basham has applied for promotions. Despite being highly qualified for each of the positions for which he applied, he was neither interviewed nor selected for promotion. Defendant hired or promoted non-disabled employees and/or non-FMLA takers for the positions." [DE 16-1 at 58-62]. Based on these allegations, the court is able "to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556)

## IV. <u>CONCLUSION</u>

For the reasons above, and being otherwise sufficiently advised, **THE COURT HEREBY ORDERS AS FOLLOWS**:

1) Plaintiff's Motion for Leave to File Amended Complaint and Demand for Jury Trial [DE 54] is **GRANTED**.

2) BAE's Motion for Leave to File a Sur-Reply on Plaintiff's Motion for Leave to File Amended Complaint [DE 19] is **GRANTED.**

Cc: Counsel of record

.